**CURCIO MIRZAIAN SIROT LLC**
A Limited Liability Company
Benjamin C. Curcio, Esq.
Attorney ID No. 032121998
5 Becker Farm Road, Suite 406
Roseland, New Jersey 07068
(973) 226-4534
bcurcio@cmsllc.law
Attorneys for Plaintiff,
Scott Rosenblatt

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTT ROSENBLATT,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PRESSLER & PRESSLER, LLP a/k/a PRESSLER AND PRESSLER, L.L.P., NEW CENTURY FINANCIAL SERVICES, INC., SHELDON PRESSLER, GERALD FELT, ERIC SOMBERS and JOHN DOES 1 to 10,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>COMPLAINT |

Plaintiff Scott Rosenblatt, a resident of 60 Indian Road, #3, Denville, New Jersey, ("Plaintiff" or "Mr. Rosenblatt"), by and through his counsel, Curcio Mirzaian Sirot, LLC, by way of Complaint against Pressler & Pressler, LLP a/k/a Pressler and Pressler, L.L.P., a law firm located at 7 Entin Road, Parsippany, New Jersey ("Pressler" or the "Firm"), New Century Financial Services, Inc., a business located at 110 South Jefferson Road, Suite 104, Whippany, New Jersey ("NCFSI"), Sheldon Pressler, a member of the Firm ("Mr. Pressler"), Gerald Felt, a member of the Firm ("Mr. Felt"), Eric Sombers, an employee of NCFSI ("Mr. Sombers"), and John Does 1 to 10 (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 211, 215, and 216(b) and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §§ 34:11-56a4 *et seq.*, to recover unpaid overtime wages owed to Mr. Rosenblatt for work performed for Defendants Pressler, NCFSI, Mr. Pressler, Mr. Felt, Mr. Sombers, and John Does 1-10.

2. What is more, upon information and belief, and contrary to the FLSA, 29 U.S.C. § 215(a)(3), and the NJWHL, N.J.S.A. § 34:11-56a24, Defendants terminated Mr. Rosenblatt on June 27, 2017 in retaliation for Mr. Rosenblatt's repeated complaints to Defendants concerning their failure to track and pay overtime for time worked in excess of forty (40) hours in a week. Indeed, Defendants terminated Mr. Rosenblatt only twelve (12) days after his final complaint on June 15, 2017.

3. Given their response to Mr. Rosenblatt's complaints concerning tracking and paying overtime, it is clear defendants acted willfully and lacked good faith.

4. Defendants have wrongfully withheld more than $30,000.00 from Mr. Rosenblatt in overtime compensation in the past three years.

5. Mr. Rosenblatt seeks judgment against defendants, jointly and severally, for compensatory damages, consequential damages, liquidated damages, punitive damages, attorneys' fees, reasonable costs, interest, and any other relief the Court deems just.

## JURISDICTION AND VENUE

6. This Court possesses original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court possesses supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the Firm is a New Jersey limited liability partnership with an office in New Jersey and a substantial part of the events or omissions giving rise to Mr. Rosenblatt's claim occurred in New Jersey.

## PARTIES

8. Plaintiff Scott Rosenblatt ("Plaintiff" or "Mr. Rosenblatt") is an individual residing at 60 Indian Road, #3, Denville, New Jersey 07834. Defendants hired Mr. Rosenblatt as an information technology hardware technician in November of 2009.

9. Defendant Pressler & Pressler LLP a/k/a Pressler and Pressler L.L.P. ("Pressler LLP" or the "Firm") is a New Jersey limited liability partnership with a law office at 7 Entin Road, Parsippany, New Jersey. Founded in 1930, the Firm holds itself out as the largest and oldest law Firm specializing in retail debt collection in New Jersey.

10. Defendant Sheldon H. Pressler ("Mr. Pressler") is a practicing attorney and partner of the Firm with managerial responsibility for the Firm. Upon information and belief, Mr. Pressler possesses: (1) authority to hire and fire employees of the Firm, (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours, (3) authority to supervise and discipline employees, and/or (4) control of employee records, including, but not limited to, payroll, insurance, and taxes.

11. Defendant Gerald Felt ("Mr. Felt") is a practicing attorney and partner of the Firm with managerial responsibility for the Firm. Upon information and belief, Mr. Felt possesses: (1) authority to hire and fire employees of the Firm, (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours, (3) authority to supervise and discipline employees, and/or (4) control of employee records, including, but not limited to, payroll, insurance, and taxes.

12. Defendant New Century Financial Services, Inc. ("NCFSI") is a New Jersey corporation with a principal place of business located at 110 South Jefferson Road, Suite 104, Whippany, New Jersey 07981. NCFSI is a debt collector that regularly works with the Firm. Upon information and belief, Lee Pressler, a relation of Sheldon H. Pressler, is the President of NCFSI.

13. Defendant Eric F. Sombers ("Mr. Sombers") is the Vice President of NCFSI. In his capacity as Vice President of NCFSI, Mr. Sombers possesses authority to: (1) promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours for employees of the Firm's IT Hardware Department, and (2) supervise and discipline employees in the Firm's IT Hardware Department. Upon information and belief, Mr. Sombers also possesses the authority to hire and fire employees of the Firm's IT Hardware Department.

14. At all times relevant hereto, defendants John Does 1-10 (the "Fictitious Defendants") are and were fictitiously named defendants representing individuals and/or entities whose identities are presently unknown, but who are or may be liable to Mr. Rosenblatt for the damages he has suffered. These Fictitious Defendants include, but may not be limited to, other partners and employees of the Firm possessing: (1) authority to hire and fire employees of the Firm, (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours, (3) authority to supervise and discipline employees, and/or (4) control of employee records, including, but not limited to, payroll, insurance, and taxes.

15. Mr. Rosenblatt reserves the right to amend the Complaint in the event the Fictitious Defendants are identified and their culpability revealed. Mr. Rosenblatt will amend the pleadings to include the identity and/or identities and capacities of the Fictitious Defendants when they have been ascertained.

16. The Firm, NCFSI, Mr. Pressler, Mr. Felt, Mr. Sombers, and the Fictitious Defendants are collectively referred to as the "Defendants."

## FACTS COMMON TO ALL COUNTS

17. On or around November 12, 2009, Defendants hired Mr. Rosenblatt as an IT Hardware Technician.

18. In his capacity as IT Hardware Technician, Mr. Rosenblatt's job duties included: (1) hardware repair, replacement, and updating, (2) software installation, updating, maintenance, and troubleshooting, (3) printer installation, maintenance, and troubleshooting, (4) responding to requests for support and training from users, and (5) logging calls in a helpdesk system and tracking problems in various logs as instructed.

19. As an IT Hardware Technician, Mr. Rosenblatt regularly worked more than forty hours per week. Indeed, numerous tasks Mr. Rosenblatt performed, including, but not limited to, updating the Firm's servers could only be done outside business hours late in the evening or on weekend. Thus, Mr. Rosenblatt regularly worked more than forty (40) hours per week.

20. On or around October 12, 2012, Defendants switched Mr. Rosenblatt's compensation structure from an hourly employee paid overtime to a salaried employee not paid overtime.

21. While Defendants ceased paying Mr. Rosenblatt overtime, his responsibilities and job title remained the same.

22. Both before and after October 12, 2012, Defendants did not employ Mr. Rosenblatt as a computer systems analyst, computer programmer, or software engineer. His job duties never included: (1) application of systems analysis techniques and procedures, (2) designing, developing, documenting, analyzing, creating, testing, or modifying computer systems or programs based on

user or system design specification, or (3) designing, documenting, testing, creating, or modifying computer programs related to machine operating systems.

23. Both before and after October 12, 2012, Mr. Rosenblatt did not: (1) possess authority to commit the Firm in matters that have significant financial impact, (2) possess authority to formulate, affect, interpret, or implement management policies or operating practices, (3) perform work that affects business operations to a substantial degree, or (4) possess authority to deviate from established policies and procedures without approval.

24. Defendants never paid or tracked the hours worked from home by Mr. Rosenblatt despite knowing that: (1) many of Mr. Rosenblatt's assignments could only be completed during non-business hours, (2) Mr. Rosenblatt often completed such assignments from his home, (3) Defendants' timekeeping system was capable of tracking the substantial amount of time Mr. Rosenblatt worked from home on these assignments, and (4), Mr. Rosenblatt repeatedly suggested doing so but Defendants denied his requests.

25. On or around October 19, 2014, Defendants changed Mr. Rosenblatt's job title to IT Hardware Supervisor. However, Mr. Rosenblatt's job duties remained largely unchanged. Furthermore, Mr. Rosenblatt did not acquire supervisory authority over any of Defendants' employees in his role as IT Hardware Supervisor.

26. On August 28, 2015, Mr. Rosenblatt emailed the Firm's Compliance Manager Tara Russo ("Compliance Manager Russo"): (1) that the Firm had required him to perform approximately one-hundred-and-eighty (180) hours of unpaid work during the prior year in addition to his forty (40) hour work weeks, (2) that he believed the Firm should track the time he worked beyond forty (40) hours per week, and (3) that he did not understand how Defendants were not required by law to pay him overtime for weeks where he worked more than forty (40) hours.

27. On August 28, 2015, Compliance Manager Russo responded that she "will bring this to the next ACT meeting."

28. On September 9, 2015, Mr. Rosenblatt emailed his direct supervisor IT Hardware Manager Rahmen Aditya ("IT Manager Aditya") concerning his complaint to Compliance Manager Russo. Mr. Rosenblatt stated in the email to IT Manager Aditya that he had worked approximately 200 hours of unpaid overtime over the last year.

29. IT Manager Aditya responded later that day:

> This was previously discussed with EFS [NCFSI Vice President Eric F. Sombers] and its is not happening.  Feel free to discuss with Tara, Team 6 or whomever outside of I.T. you wish, but EFS [Eric F. Sombers] shot this down, its dead.  For the record, historically I have been here on my feet working 50+ hrs a week along with too many hours from home.  Never got paid a single cent for it, never felt entitled to it either.   Working from home is part of our job description, the alternative is standing here on your feet after hours OR not working here at all.

30. IT Manager Aditya followed up that same day, "OT, extra pay, whatever we call getting paid to work extra hours from home. Shot down by him [Eric F. Sombers], sorry."

31. On October 7, 2015, Mr. Rosenblatt emailed Compliance Manager Russo, "the main issue right now is simply clocking in when this work is done bc it's important to me that all my work be recorded."

32. On October 9, 2015, IT Manager Aditya responded, "[w]orking from home is part of our job responsibility, Eric [F. Sombers] said so . . . ." and that "You have to speak with Eric [F. Sombers] regarding this, he flat out said no punching in allowed when working remotely. I asked him back in June."

7

33. Approximately five months later, in March 2016, Mr. Rosenblatt complained to Human Resources Manager Shannon Nicholls ("HR Manager Nicholls") and IT Operations Manager Beth Demgard ("IT Manager Demgard") about tracking and paying overtime.

34. Approximately one year later, on March 24, 2017, Mr. Rosenblatt emailed IT Manager Aditya: (1) that he spent twelve (12) to fifteen (15) hours the prior weekend working from home to update the Firm's servers, (2) that this work is not "on the clock" as per Defendants' policy, and (3) that it is unfair Defendants expect him work on weekends without compensation.

35. Approximately three months later, on June 15, 2017, Mr. Rosenblatt complained to IT Manager Aditya concerning the Firm's and IT Manager Aditya's continuing expectation that he work overtime without compensation.

36. During this exchange, IT Manager Aditya threatened Mr. Rosenblatt's employment and said he was going to involve Mr. Sombers.

37. Immediately thereafter, Mr. Rosenblatt complained to the Firm's Human Resources department concerning the Firm's and IT Manager Aditya's continuing expectation that he work overtime without compensation and without even tracking overtime worked from home.

38. Shortly thereafter, IT Manager Aditya went on vacation, returning to work on June 27, 2017. Defendants terminated Mr. Rosenblatt on June 27, 2017, the day IT Manager Aditya returned from vacation.

39. Defendants' stated reason for terminating Mr. Rosenblatt, that his "services are no longer needed," appears pretextual. Only two days after Mr. Rosenblatt's termination, on June 29, 2017, the Firm posted an advertisement seeking applicants for employment as an IT Technician. Mr. Rosenblatt possessed all of the qualifications sought by the advertisement and had been responsible for all of the "responsibilities" listed during his employment with the Firm.

40. Thus, it appears Defendants terminated Mr. Rosenblatt on June 27, 2017 in retaliation for his repeated complaints to Defendants concerning their failure to properly track and pay overtime.

41. Defendants failed to pay Mr. Rosenblatt more than $30,000.00 in overtime compensation over the past three years.

42. Defendants' wrongful conduct toward Mr. Rosenblatt is not an isolated incident. Upon information and belief, Defendants initially compensated Mr. Rosenblatt's numerous coworkers in the IT Hardware Department on an hourly basis with overtime. Subsequently, Defendants placed Mr. Rosenblatt's coworkers on salary and wrongfully denied them overtime compensation.

## COUNT ONE
### (VIOLATION OF 29 U.S.C. § 207 – FLSA OVERTIME COMPENSATION)
### (Against all Defendants)

43. Mr. Rosenblatt repeats and realleges the allegations in all of the preceding paragraphs as if fully set forth herein.

44. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Mr. Rosenblatt is an employee as defined by 29 U.S.C. § 203(e).

46. Pursuant to 29 U.S.C. § 203(d), "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency,

but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

47. The Firm, NCFSI, Mr. Pressler, Mr. Felt, and Mr. Sombers are employers within the meaning contemplated in 29 U.S.C. § 203(d), and, consequently, are liable for violations of the FLSA.

48. Defendants failed to pay Mr. Rosenblatt at a rate of one and one-half times the regular rate of pay for the time in which he worked after the first forty hours in any given week.

49. The failure of Defendants to pay Mr. Rosenblatt his rightfully owed wages and overtime was willful.

50. What is more, contrary to 29 U.S.C. § 211(c) and the related recordkeeping regulations, Defendants failed and refused to track: (1) the total number of hours Mr. Rosenblatt worked each day, (2) the total number of hours Mr. Rosenblatt worked each week, and (3) Mr. Rosenblatt's total overtime earnings.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants, jointly and severally, as follows:

A. For judgment in amount to be determined at trial, including an award of compensatory, consequential, and liquidated damages required by the FLSA;

B. For attorneys' fees and costs as required by the FLSA;

C. For interest; and

D. For such other relief as the Court may deem just and proper.

## COUNT TWO
### (VIOLATION OF 29 U.S.C. § 215 – FLSA RETALIATION)
**(Against all Defendants)**

51. Mr. Rosenblatt repeats and realleges the allegations in all of the preceding paragraphs as if fully set forth herein.

52. The FLSA, 29 U.S.C. § 215(a)(3), prohibits any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . ."

53. It is well settled that an employee complaining to his employer concerning his employer's failure to properly track and pay overtime constitutes a complaint for purposes of 29 U.S.C. § 215(a)(3).

54. Mr. Rosenblatt is an employee as defined by 29 U.S.C. § 203(e).

55. As set forth above, Mr. Rosenblatt complained to Defendants concerning their failure to properly pay and track overtime on numerous occasions throughout 2015, 2016 and 2017.

56. Upon information and belief, Defendants terminated Mr. Rosenblatt on June 27, 2017 in retaliation for his repeated complaints concerning tracking and paying overtime.

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendants, jointly and severally, as follows:

A. For judgment in amount to be determined at trial, including an award of compensatory, consequential, and liquidated damages required by the FLSA;

B. For attorneys' fees and costs as required by the FLSA;

C. For interest;

D. Punitive damages; and

E. For such other relief as the Court may deem just and proper.

## COUNT THREE
### (VIOLATION OF NJSA 34:11-56a4 *et seq* – NJ OVERTIME COMPENSATION)
### (Against all Defendants)

57. Mr. Rosenblatt repeats and realleges the allegations in all of the preceding paragraphs as if fully set forth herein.

58. New Jersey's Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a4, requires employers to pay an employee one and half times the employee's regularly hourly wage for each hour of working time in excess of forty (40) hours in any week.

59. Mr. Rosenblatt is an employee as defined by N.J.S.A. 34:11-56a1(h).

60. The Firm, NCFSI, Mr. Pressler, Mr. Felt, and Mr. Sombers are employers within the meaning contemplated in N.J.S.A. 34:11-56a1(g) and, consequently, are liable for violations of the NJWHL.

61. Defendants failed to pay Mr. Rosenblatt at a rate of one and one-half times the regular rate of pay, for the time in which he worked after the first forty hours in any given week.

62. The failure of Defendants to pay Mr. Rosenblatt his rightfully owed wages and overtime was willful.

63. Contrary to N.J.S.A. 34:11-56a20 and the related recordkeeping regulations, Defendants failed to track: (1) the total number of hours Mr. Rosenblatt worked each day, (2) the total number of hours Mr. Rosenblatt worked each week, and (3) Mr. Rosenblatt's total overtime earnings.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants, jointly and severally, as follows:

A. For judgment in amount to be determined at trial, including an award of compensatory and consequential as required by NHWHL;

    B.    For attorneys' fees and costs as required by NHWHL;

    C.    For interest; and

    D.    For such other relief as the Court may deem just and proper.

## COUNT FOUR
### (VIOLATION OF NJSA 34:11-56a4 *et seq* – NJWHL RETALIATION)
### (Against all Defendants)

64.    Mr. Rosenblatt repeats and realleges the allegations in all of the preceding paragraphs as if fully set forth herein.

65.    The NJWHL, N.J.S.A. 34:11-56a24, prohibits employers from discharging, or in any other manner discriminating against any employee because such employee made a complaint to his employer concerning the employer's failure to pay or track overtime.

66.    Mr. Rosenblatt is an employee as defined by N.J.S.A. 34:11-56a1(h).

67.    As set forth above, Mr. Rosenblatt complained to Defendants concerning their failure to properly pay and track overtime on numerous occasions throughout 2015, 2016 and 2017.

68.    It is well settled that an employee complaining to his employer concerning his employer's failure to properly track and pay overtime constitutes a complaint for purposes of N.J.S.A. 34:11-56a24.

69.    Upon information and belief, Defendants terminated Mr. Rosenblatt on June 27, 2017 in retaliation for his repeated complaints concerning tracking and paying overtime.

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendants, jointly and severally, as follows:

    A.    For judgment in amount to be determined at trial, including an award of compensatory, consequential, and liquidated damages required by the NJWHL;

  B.  For attorneys' fees and costs as required by the NJWHL;

  C.  For interest; and

  D.  For such other relief as the Court may deem just and proper.

## JURY DEMAND

Mr. Rosenblatt demands trial by jury as to all claims and defenses.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending administrative proceeding.

        **CURCIO MIRZAIAN SIROT**
        A Limited Liability Company
        Attorneys for Plaintiff,
        Scott Rosenblatt

       By:  s/ Benjamin C. Curcio_____
        Benjamin C. Curcio, Esq.
        5 Becker Farm Road, Suite 406
        Roseland, New Jersey 07068
        Phone: (973) 226-4534
        Fax: (973) 226-4535
        bcurcio@cmsllc.law
        Attorneys for Plaintiff,
        Scott Rosenblatt

Dated: August 24, 2017