NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT ROSENBLATT,<br><br>Plaintiff,<br><br>v.<br><br>PRESSLER, FELT & WARSHAW, LLP, *et al.*<br><br>Defendants. | Civil Action No.: 2:17-cv-6406 (CCC)<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court upon the unopposed motion of Defendants Pressler, Felt & Warshaw, LLP, New Century Financial Services, Inc., and Emmaco, LLC to approve the settlement reached between the parties in November 2018 (the "Settlement Agreement"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1. Plaintiff Scott Rosenblatt is a former employee of Defendant Pressler & Pressler, LLP ("Law Firm"). (ECF No. 40-2 at ¶ 1). The Law Firm became Pressler, Felt & Warshaw, LLP in March 2018. (*Id.*).

2. Plaintiff worked for the Law Firm as an IT Hardware Technician from November 2009 to June 2017. (*Id.* at ¶¶ 1, 12). Plaintiff's regular work hours were 9:00 a.m. until 5:00 p.m., Monday through Friday. (*Id.* at ¶ 2). His regular weekly pay was based on a 40-hour workweek. (*Id.*).

1

3. Plaintiff claims he was frequently forced to do work outside of his regular work hours and the Law Firm did not pay him overtime compensation for this work from October 12, 2012 until his termination. (*Id.* at ¶¶ 3-5).

4. On various occasions, Plaintiff alleges that he complained to the Law Firm about not receiving overtime compensation. (*Id.* at ¶ 7).

5. Plaintiff's at-will employment at the Law Firm was terminated on June 27, 2017. (*Id.* at ¶ 8).

6. On August 24, 2017, Plaintiff filed a Complaint against Defendants in this Court. (ECF No. 1). Plaintiff filed a First Amended Complaint against Defendants on September 20, 2017 (ECF No. 4) and a Second Amendment Complaint on June 13, 2018. (ECF No. 25). In September 2018, the parties reported that they had reached a settlement. (ECF No. 35). Thereafter, the case was administratively terminated for 60 days pending the submission of a final settlement agreement (ECF No. 36), which was later extended for an additional 60 days. (ECF No. 38).

7. Plaintiff contends that Defendants did not pay him overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* Plaintiff further alleges that he was terminated in retaliation for complaining about the Law Firm's failure to pay him overtime compensation, which violates the New Jersey Conscientious Employee Protection Act ("CEPA").

8. The Court approves the parties' settlement because the compromise reached (1) resolves a bona fide dispute; (2) is fair and reasonable to Plaintiff; and (3) will not frustrate the implementation of the FLSA in the workplace. Further, the Court approves the Settlement

Agreement's provision for payment of attorneys' fees as reasonable. The FLSA and NJWHL claims asserted in this lawsuit have been settled for the total gross sum of $115,241.76. (ECF No. 40-1 at 4-5). In exchange for a general release from Plaintiff, Defendants will pay Plaintiff $72,000.00 for alleged overtime wages due and liquidated damages as well as a sum of $43,241.76 for Plaintiff's attorneys' fees. (*Id.*).

9. First, the compromise reached resolves a bona fide dispute as to Plaintiff's ability to recover unpaid wages. Plaintiff alleges that the Law Firm acted willfully in denying him overtime compensation. (*Id.* at 7). In contrast, Defendants contend that the Law Firm acted legally, in good faith, and at no time engaged in an intentional or willful violation of the FLSA. (*Id.*). Plaintiff also alleges that his employment was terminated as a result of his wage complaints, which Defendants vigorously deny. (*Id.*). For these reasons, there is a bona fide dispute between the parties.

10. Second, the Settlement Agreement is fair and reasonable to Plaintiff. Under the terms of the settlement, Defendants will pay $72,000.00 to Plaintiff, which is full payment for his alleged back overtime wages for three years—the maximum amount of time that Plaintiff can recover back wages under the law. (*Id.* at 8). Plaintiff is also receiving an equal amount of liquidated damages. (*Id.*). Furthermore, Plaintiff's counsel is receiving attorneys' fees for their representation of Plaintiff in this dispute. (*Id.*). All parties have been represented by counsel in this litigation and negotiations were at arms' length. (*Id.*). Based on these factors, the Court determines that the Settlement Agreement is fair to Plaintiff.

11. Third, the terms of the Settlement Agreement further the purpose of the FLSA. Under the Settlement Agreement, Plaintiff is receiving alleged unpaid overtime, along with an equal amount of liquidated damages and attorneys' fees. (*Id.* at 9).

12. The Court also approves the Settlement Agreement's provision for payment of attorneys' fees. The Settlement Agreement provides for attorneys' fees in the amount of $43,241.76 on the FLSA and NJWHL claims.[1] (*Id.* at 10). "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit[.]" *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). The Settlement Agreement's provision for payment of attorneys' fees represents approximately 37.5 percent of the settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. Further, a lodestar cross-check supports counsel's fee request because counsel has spent 254.9 hours prosecuting this case, amounting to a lodestar of approximately $85,730.00. (ECF No. 41 at 2-3). This amount exceeds the Settlement Agreement's provision for payment of Plaintiff's attorneys' fees. Accordingly, the Court finds the award of attorneys' fees is not excessive and therefore approves the Settlement Agreement's provision for payment of attorneys' fees.

Accordingly, **IT IS** on this \_1\_ day of \_\_Feb\_\_\_\_, 2019

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED;" it is further

---

[1] The Parties agreed to an additional, confidential payment as to the CEPA claim, which is not at issue here.

4

**ORDERED** that the parties' jointly submitted Settlement Agreement is hereby **APPROVED** as to all of the terms of the agreement; it is further

**ORDERED** that the Settlement Agreement's provision for payment of attorneys' fees is hereby **APPROVED**; it is further

**ORDERED** that the parties shall comply with all deadlines and terms in the Settlement Agreement; it is further;

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file.

**SO ORDERED.**

                                                 **CLAIRE C. CECCHI, U.S.D.J.**